IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| **Ramona Battle**, | ) Civil Action No. 2:13-0543-PMD-BM |
|              Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| **Nilkanth, LLC, d/b/a Quality Inn and Baiju Gajjar, Individually,** | ) |
|              Defendants. | ) |

This action has been filed by the Plaintiff asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.; 42 U.S.C. § 1981; as well as state law claims for breach of contract and intentional infliction of emotional distress. The Defendants have fild a motion to dismiss this case pursuant to Rule 12(b)(6), Fed.R.Civ.P.

Plaintiff, a former employee of the Defendant Nilkanth, LLC, has sued both Nilkanth and the owner of the company, Baiju Gajjar, individually, alleging that the Defendants discriminated against her on the basis of her race in violation of Title VII (First Cause of Action), discriminated against her on the basis of her race in violation of 42 U.S.C. § 1981 (Second Cause of Action), discriminated against her on the basis of her gender in violation of Title VII (Third Cause of Action), committed the state law tort of intentional infliction of emotional distress (Fourth Cause of Action), that she was retaliatorily discharged in violation of Title VII (Fifth Cause of Action), and that the

1



Defendants breached her contract of employment (Sixth Cause of Action). Defendants assert in their motion to dismiss that Defendant Gajjar, individually, is entitled to dismissal as a party Defendant under Plaintiff's First, Third and Fifth Causes of Action because he is not a proper party Defendant in a Title VII case, that Plaintiff's breach of contract cause of action should be dismissed because she was an at-will employee, and that Plaintiff's cause of action for intentional infliction of emotional distress should be dismissed because it is barred by the exclusivity provision of the South Carolina Workers Compensation Act.

In her response filed in opposition to the Defendants' motion, Plaintiff consents to dismissal of her Title VII claims against the Defendant Gajjar, and to dismissal of her claim for intentional infliction of emotional distress. Therefore, the only issue remaining for decision by the Court is whether the Defendants are entitled to dismissal of Plaintiff's claim for breach of contract.[1]

### Allegations of the Complaint

Plaintiff alleges in her Complaint that on or about October 2007, she "entered into a contract" with the "Defendants" to "begin work . . . for an indefinite term". Complaint, ¶ 12. Plaintiff further alleges that she "signed a number of documents when she was hired therefore entering into a contract of employment with the Defendants", which indicated that she would "be paid for working". Id., ¶ 13. Plaintiff also alleges that the Defendants' "handbook uses mandatory language creating a contractual agreement between the Plaintiff and Defendants for employment". Id., ¶ 14. Plaintiff alleges that she was "efficient and effective" in her work, but that during the course of her employment she was discriminated against by the Defendant Gajjar and then

---

[1]As the Defendants motion to dismiss is a dispositive motion, this Report and Recommendation is entered for review by the Court.



wrongfully terminated when she complained about Gajjar's conduct. See generally, Complaint, ¶¶ 15-40.

In her Sixth Cause of Action for Breach of Contract, Plaintiff again alleges that she and the Defendants "entered into a contract" whereby the Defendants agreed to employ Plaintiff as a supervisor, that when she was hired she was given documents regarding employment policies relating to discrimination, that the Defendants breached her contract "by discriminating against [her] after she reported . . . discrimination", and also breached her contract of employment by discriminating against her due to her race. Id., ¶¶ 94-97. See generally, Complaint.

**Discussion**

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). After careful review and consideration of the arguments presented pursuant to this standard, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants' are entitled to dismissal of Plaintiff's breach of contract claim.

The necessary elements of a contract are an offer, acceptance, and valuable consideration. Roberts v. Gaskins, 486 S.E.2d 771, 773 (S.C. 1997), citing Carolina Amusement Co., Inc. v. Connecticut Nat'l Life Ins., Co., 437 S.E.2d 122 (S.C. Ct. App. 1993). With respect to employment, however, there is a presumption in South Carolina that employees are at-will, and therefore in order to survive a Rule 12 Motion to Dismiss on a claim for breach of a contract of



employment, a Plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .". Perrine v. G4S Solutions (USA), Inc., No. 11-1210, 2011 WL 3563110, at * 2 (D.S.C. Aug. 9, 2011)["[T]here is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 motion to dismiss on a claim for breach of a contract of employment, a Plaintiff must 'plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .'"], quoting Amason v. P. K. Management, LLC, No. 10-1752, 2011 WL 1100169, at * 6 (D.S.C. Mar. 23, 2011); see also Prescott v. Farmer's Tel. Co-Op., Inc., 516 S.E.2d 923, 927, n. 8 (S.C. 1999)[In South Carolina, "there is a presumption of at-will employment'].

Here, a review of the allegations of the Complaint shows that Plaintiff has only alleged in very general and conclusory terms that she "entered into a contract" of employment with the Defendants and that the company had a handbook which used "mandatory language creating a contractual agreement". Plaintiff further alleges that the "contract indicated she would be paid for working", and that it was for an "indefinite term". See Complaint, ¶ ¶ 12, 13, 14. These allegations do not establish the existence of an employment contract, as any job is going to involve an offer (by the employer) and acceptance (by the employee), as well as the terms of the employment (things such as a starting salary, etc.). That does not, however, mean that Plaintiff had a "contract" for employment. Plaintiff has not alleged that she was hired to work for a definite term (indeed, she concedes the opposite) or that her obtaining a job with the Defendants had any other indices of a contract of employment, such as buyout provisions, right to severance pay, etc. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper

4



claim.]; Frey v. City of Herculaneum, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"].

In her response brief, Plaintiff correctly notes that, although South Carolina is an at-will employment state, the at-will employment status can be altered by a Defendant's conduct, including language in an employee handbook.  However, while an employer can alter an employee's at-will status through mandatory language in a handbook; cf. Grant v. Mount Vernon Mills, Inc., 634 S.E.2d 15, 20 (S.C.Ct.App. 2006); Plaintiff does not set forth in her Complaint or in her memorandum opposing the Defendants' motion to dismiss any language from any handbook to establish a plausible claim for relief "on its face" that she had a "contract" of employment. Iqbal, 129 S.Ct. at 1949; see Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Francis, et al, v. Giacomelli, 588 F.3d 186, 193 (4th Cir. Dec 2, 2009) [Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; see also Bell Atlantic Corp., 550 U.S. at 555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Conclusory allegations insufficient to maintain claim].

Additionally, while Plaintiff (in addition to not citing to any specific provisions of the handbook at issue) did not provide a copy of the handbook for the Court's review, the Defendants attached a copy of the title page and handbook acknowledgment form from the company's employee

5



handbook as an exhibit to its motion to dismiss.[2]  These exhibits show that on the title page of the handbook, the following language is contained in bold type:

> Nothing contained in this handbook may be construed as a guarantee of employment. This handbook does not constitute a contract of employment for any duration. Employment is at-will and may be terminated at any time either by you or Nilkanth Properties.

See Defendants' Exhibit A.

Similarly, the Handbook Acknowledgment Form contains, immediately above where Plaintiff signed the acknowledgment, the following language:

> I understand that nothing contained in Nilkanth Properties Associate Handbook or this Acknowledgment Form shall be construed to modify, change, or vary the "at-will" nature of my employment relationship with Nilkanth Properties or create any contract pertaining to my employment, including employment for specific period of time.  Further, I understand and agree that no one other than the General Manager or the Owner of Nilkanth Properties may modify or change the "at-will" nature of my employment relationship.  Any such modifications must be in writing and signed by the General Manager or the Owner.

See Defendants' Exhibit B.

      While the disclaimer language on the title page of the Handbook arguably does not meet the definition for being "conspicuous" under S.C. Code Ann. § 41-10, (Supp. 2012), since it was not underlined, it is still necessary in order to maintain a breach of contract claim that the

---

[2] In addition to factual allegations of the Complaint, the Court may also consider as part of the review of a 12(b) motion any document that is "integral to and explicitly relied on in the complaint." Phillips v. LCI International, Inc., 190 F.3d 609, 618 (4th Cir. 1999); Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004);  White v. VNA Homecare, Inc., No. 11-971, 2012 WL 1435432 at * 1 n. 1 (S.D.Ill. Apr. 25, 2012)[Since the handbook is a document referenced in plaintiff's complaint and is central to her claim, the court can consider it on Defendant's 12(b)(6) motion to dismiss]; McClurkin v. Champion Laboratories, Inc., No. 11-2401, 2011 WL 5402970 at * 2 (D.S.C. Nov. 8, 2011)[Attachment by Defendant of employee handbook did not convert motion to dismiss to a summary judgment motion where Plaintiff referred to employee handbook in her complaint].



handbook contain mandatory language sufficient to alter the presumption in South Carolina of an at-will employee relationship. Cf. Grant, 634 S.E.2d at 20 (S.C.Ct.App. 2006); Westmoreland v. AB Beverage Co., Inc., No. 05-3475, 2007 WL 2749450 at * 13 (D.S.C. Sept. 20, 2007). As previously noted, Plaintiff has failed to allege in her Complaint any language from the Employee Handbook to establish a plausible claim that her at-will employment relationship was altered by any such language; rather, she simply and conclusorily alleges that the Handbook had "mandatory language creating a contractual agreement". Complaint, ¶ 14; Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"].

Finally, the alleged breach of contract set forth in the Complaint clearly relates to violation of the Defendants' alleged non-discrimination polices. Complaint, ¶ ¶ 95, 97. While, again, no language to establish a factual basis for any such claim has been provided, it is instructive to note that anti-discrimination language found in most employee handbooks has routinely been held to not, by itself, constitute a contract. Cf. Ford v. Musashi S.C., Inc., No. 07-3734, 2008 WL 4414385 (D.S.C. Sept. 23, 2008), adopting in part and denying in part, 2008 WL 4414497, at * 3 (D.S.C. July 11, 2008)["[U]nder South Carolina law where an employee handbook provides a general policy statement of nondiscrimination such a 'provision does not constitute a promise altering the at-will employment relationship . . .'"]; Fyall v. ATC/Ancom of South Carolina, No. 04-23086, 2005 WL 2656962, at * 4 (D.S.C. Oct. 18, 2005] [same]; Hessenthaler v. Tri-County Sister Help, Inc., 616 S.E.2d 694, 698 (S.C. 2005), citing McKenzie v. Lunds, Inc., 63 F.Supp.2d 986, 1003 (D.Minn. 1999) and Cherella v. Phoenix Technologies, Ltd., 586 N.E.2d 29, 31 (Mass. 1992). Plaintiff has failed to allege or cite to any language from the handbook's non-discrimination policy

7



to alter the at-will presumption. Therefore, Plaintiff's mere allegation in her Complaint that the handbook contained anti-discrimination provisions is not, by itself, sufficient to establish that a contract was formed by such language. King v. Marriott Int'l., Inc., 520 F.Supp.2d 748, 756 (D.S.C. 2007)[Finding that the Defendant's promise that "there will be no discrimination or recrimination against an employee who asserts a complaint against [the defendant] does not create an expectation that employment is guaranteed or that a particular process must be complied with before an employee is terminated"] (internal quotations omitted); Frasier v. Verizon Wireless, C.A., No. 08-356, 2008 WL 724037, at * 2 (D.S.C. Mar. 17, 2008).

In sum, in order to survive the Defendants' motion to dismiss with respect to her breach of contract claim, Plaintiff needs to have set forth sufficient factual allegations in her Complaint to state a plausible claim "on its face" that she and the Defendants entered into mandatory and binding terms for her employment such as a definite term of employment, buyout provisions, right to severance pay, or other such indices of a contract of employment. Cf. Wadford v. Hartford Fire Ins. Co., No. 87-2872, 1988 WL 492127 at *5 (D.S.C. 1988) ["A review of the relevant authorities... reveals that a policy or representation must limit the duration of employment or the employer's right to terminate employment in order to alter at-will status. Other terms and conditions of employment, including pay, benefits, job duties, or location of performance may be changed prospectively by either party without violating an employment contract with an indefinite term."]. No allegations sufficient to meet this standard are contained in the Complaint. Therefore, Plaintiff's Sixth Cause of Action for Breach of Contract should be dismissed. Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

8



## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss be **granted**, that the Defendant Gajjar be **dismissed** as a party Defendant from Plaintiff's First, Third and Fifth Causes of Action, and that the Plaintiff's Fourth Cause of Action for intentional infliction of emotional distress and Sixth Cause of Action for breach of contract be **dismissed,** in toto.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 20, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

